

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thos. R. Chandler
County Attorney
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. O-2362
Re: Whether or not a poll tax is
a necessary condition prece-
dent to qualification for the
office of Justice of the Peace.

Your request for an opinion upon the above question
has been received and considered by this department. We
quote the pertinent portion of your letter as follows:

"Please advise me whether or not a person
is eligible to the appointment of Justice of
Peace, who has not paid a poll tax for 1939,
and not exempted therefrom or otherwise dis-
qualified from holding such office."

Section 18 of Article 5, Constitution of Texas,
creates the office of Justice of the Peace.

Section 28, of Article 5, Constitution of Texas,
provides that:

"Vacancies in the office of Judges of the
Supreme Court, the Court of Criminal Appeals,
the Court of Civil Appeals and District Courts
shall be filled by the Governor until the next
succeeding general election; and vacancies in
the office of County Judge and justices of the
peace shall be filled by the Commissioners
Court until the next general election for such
offices."

Article 2355, Vernon's Annotated Civil Statutes,
provides that:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Thos. H. Chandler, Page 2

"The Court shall have power to fill vacancies in the office of: County Judge, County Clerk, Sheriff, County Attorney, County Treasurer, County Surveyor, County Hide Inspector, Assessor of Taxes, Collector of Taxes, Justices of the Peace, Constables, and County Superintendent of Public Instruction. Such vacancies shall be filled by a majority vote of the members of said Court, present and voting, and the person chosen shall hold office until the next general election."

Article 2927, Revised Civil Statutes, 1925, provides:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election."

It is to be observed that there is no requirement in the above statutory and constitutional provisions that a person must have a poll tax before he is qualified to accept the office of justice of the peace when tendered him. Further, we have been unable to find any such requirement in any of the laws of this State with regard to this particular office.

The nature and purpose of a poll tax is that of a necessary prerequisite to the right of certain designated classes to vote. Unless otherwise provided, the office of the poll tax is not that of a necessary prerequisite to

Honorable Thos. H. Chandler, Page 3

holding office. The law governing the situation now before us contains no such provision.

Accordingly, it is our opinion, and you are so advised, that a person need not have paid a poll tax in order to qualify for the office of justice of the peace.

Trusting that the above answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*
Lloyd Armstrong
Assistant

By *Grundy Williams*
Grundy Williams

GW:GO

APPROVED MAY 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

